UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAVID STALLING,

              Plaintiff,

-against-

T3 TRADING GROUP, LLC.,

              Defendant.

22-CV-2296 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff brings this *pro se* action under 42 U.S.C. § 1981, Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17, the New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297, and the New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-101 to 131. He alleges that Defendant T3 Trading Group, LLC ("T3 Trading Group") discriminated against him in hiring based on his race and color.

      By order dated April 6, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis*, that is, without prepayment of fees.

## STANDARD OF REVIEW

      The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

      While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff David Stalling alleges the following in his complaint. On July 18, 2020, he "applied to T3 Trading Group."[1] (ECF 2 at 6.) On August 10, 2020, someone from T3 Trading Group reached out to Plaintiff to schedule a phone interview. (*Id.*) Plaintiff attaches to the complaint an August 10, 2020 email, in which someone with the T3 Trading Group inquires

---

[1] Plaintiff also includes an allegation with a different date. He alleges that he "applied for a position with Respondent on August 8, 2020, as a Trader." (ECF 2 at 5.)

2

about setting up a phone call with Plaintiff and notifies him that there is no "salary as compensation is based on trading performance and traders are required to commit risk capital." (*Id.* at 26-27.) Plaintiff had a phone interview on August 12, 2020, and a few days later, on August 14, 2020, T3 Trading Group provided him forms to complete, directions regarding submitting photo identification and address verification, and requested a $245.00 check to cover registration fees for Financial Industry Regulatory Authority ("FINRA") examinations. (*Id.*) Plaintiff attaches to the complaint a document showing that the paperwork included the "Associated Person Packet," "T3 Prop Packet," information about fingerprinting, and other documents.

In Plaintiff's August 25, 2020 email, attached to the complaint, he indicates to T3 Trading Group that his paperwork "is finished." (*Id.* at 26.) Nothing in the complaint suggests that Plaintiff submitted a $245.00 check for the FINRA examination. In response, T3 Trading Group sent an email to Plaintiff on August 25, 2020, which states that "[C]ompliance should be in touch soon with next steps." (*Id.* at 26.) On September 8, 2020, T3 Trading Group's Director of Compliance notified Plaintiff that his "application would not move forward," but Plaintiff "was not provided a reason." (*Id.* at 5.)

A few months later, on October 19, 2020, Plaintiff filed a discrimination charge with the New York State Division of Human Rights (DHR), asserting that T3 Trading Group had discriminated against him based on his race. (*Id.* at 8.) T3 Trading Group's statement to DHR, attached to the complaint, states that Plaintiff was applying to be a member of the trading group, not an employee. (ECF 2 at 18.) To be a member and become a "proprietary trader," he would need to pass two FINRA industry examinations and provide a capital contribution. (*Id.*) T3 Trading Group states that Plaintiff had submitted fingerprints but did not submit photo

3

identification or any other paperwork. (*Id.*)  The EEOC issued a notice of right to sue letter on February 17, 2022, indicating that it was closing the investigation into the charge because Plaintiff was "not in an employment relationship with the Respondent." (*Id.* at 14.)

Plaintiff contends that T3 Trading Group failed to "hire" him because of his race and color, and seeks unspecified compensation from July 18, 2020, "up until trial." (*Id.* at 6.)

## DISCUSSION

### A.   Discrimination Under Title VII

Title VII "cover[s] 'employees,' not independent contractors." *Eisenberg v. Advance Relocation & Storage, Inc.*, 237 F.3d 111, 113 (2d Cir. 2000).[2] Whether an individual is an employee for purposes of Title VII is determined under common law agency principles. *See O'Connor v. Davis*, 126 F.3d 112, 115 (2d Cir. 1997); *Frankel v. Bally, Inc.*, 987 F.2d 86, 90 (2d Cir. 1993). Under the common law of agency, the thirteen factors articulated by the Supreme Court in *Community for Creative Non–Violence v. Reid*, 490 U.S. 730 (1989), govern whether a person is an employee or an independent contractor.[3] Of these factors, the "'greatest emphasis' should be placed on the first factor—that is, on the extent to which the hiring party controls the 'manner and means' by which the worker completes his or her assigned tasks." *Eisenberg*, 237

---

[2] By contrast, "[s]ection 1981 protects not only individual[] [employees] but also independent contractors." *D'Ambrosio v. Bast Hatfield, Inc.*, No. 6:12-CV-1895, 2017 WL 6388889, at *7 (N.D.N.Y. Sept. 28, 2017) (citing *Danco, Inc. v. Wal-Mart Stores, Inc.*, 178 F.3d 8, 14 (1st Cir. 1999)), *aff'd*, 737 F. App'x 44 (2d Cir. 2018) (summary order).

[3] The thirteen *Reid* factors are: (1) the hiring party's right to control the manner and means by which the product is accomplished; (2) the skill required; (3) the source of the instrumentalities and tools; (4) the location of the work; (5) the duration of the relationship between the parties; (6) whether the hiring party has the right to assign additional projects to the hired party; (7) the extent of the hired party's discretion over when and how long to work; (8) the method of payment; (9) the hired party's role in hiring and paying assistants; (10) whether the work is part of the regular business of the hiring party; (11) whether the hiring party is in business; (12) the provision of employee benefits; and (13) the tax treatment of the hired party. *Reid*, 490 U.S. at 751-52.

F.3d at 114 (citation omitted); *see also Legeno v. Douglas Elliman, LLC*, 311 F. App'x 403, 405 (2d Cir. 2009) (affirming district court's decision that real estate salesperson was an independent contractor where it was undisputed that the individual "can work from home, sets his or her own hours, is paid on commission, receives no benefits, and pays all taxes" and had "substantial discretion" over how work was performed).

For employers covered by Title VII, it is unlawful to "fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2(a). Title VII thus prohibits employers from mistreating an individual because of the individual's protected characteristics, *Patane v. Clark*, 508 F.3d 106, 112 (2d Cir. 2007), or retaliating against an employee who has opposed any practice made unlawful by that statute, *see Crawford v. Metro. Gov't*, 555 U.S. 271, 276 (2009) (holding that conduct is protected when it "confront[s]," "resist[s]," or "withstand[s]" unlawful actions). Mistreatment at work that occurs for a reason other than an employee's protected characteristic or opposition to unlawful conduct is not actionable under Title VII. *See Chukwuka v. City of New York*, 513 F. App'x 34, 36 (2d Cir. 2013) (quoting *Brown v. Henderson*, 257 F.3d 246, 252 (2d Cir. 2001)).

At the pleading stage in an employment discrimination action, "a plaintiff must plausibly allege that (1) the employer took adverse employment action against him, and (2) his race, color, religion, sex, or national origin was a motivating factor in the employment decision." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 86 (2d Cir. 2015). The plaintiff "may do so by alleging facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination." *Id.* at 87.

Here, Plaintiff alleges that T3 Trading Group was a potential employer, though there appears to be a factual dispute about whether, under Title VII, Defendant qualifies as an employer. At this stage, the Court assumes that Defendant T3 Trading Group was a potential employer, despite some indicia to the contrary.

Plaintiff fails, however, to plead facts sufficient to allege discrimination based on race. Plaintiff does not allege any facts that directly show discrimination. Instead, he alleges that after he submitted fingerprints, paperwork, and photo identification, the compliance unit determined that his application with the T3 Trading Group would not proceed.[4] These allegations are insufficient to give rise to a plausible inference that race was a motiving factor in the employment decision. Plaintiff's complaint thus does not provide any basis for inferring that his race motivated the decision that his application would not proceed.[5] Plaintiff thus fails to state a claim under Title VII.

**B.    Race Discrimination Under 42 U.S.C. § 1981**

To state a claim of discrimination under Section 1981, a plaintiff must allege facts showing that: "(1) [the] plaintiff[] [is a] member[] of a racial minority; (2) [the] defendant['s] intent to discriminate on the basis of race; and (3) discrimination concerning one of the statute's enumerated activities." *Brown v. City of Oneonta,* 221 F.3d 329, 339 (2d Cir. 2000). "[A] plaintiff must . . . plead . . . that, but for race, [the plaintiff] would not have suffered the loss of a legally protected right." *Comcast Corp. v. Nat'l Ass'n of African Am.-Owned Media*, 140 S. Ct.

---

[4] There is also a factual dispute about whether Plaintiff submitted paperwork and identification. At this stage, the Court accepts Plaintiff's factual allegations as true.

[5] Indeed, the complaint itself suggests at least one other reason unrelated to race that would be a basis for denying Plaintiff's application. Plaintiff acknowledges that a capital contribution was required to become a trader with T3 Trading Group, and as his application to proceed *in forma pauperis* in this action reflects, he is indigent.

1009, 1019 (2020). Thus, for a claim of race discrimination under Section 1981, "it is insufficient to merely plead that race was a motivating factor in the discriminatory action." *Brown v. Montefiore Med. Ctr.*, No. 19-CV-11474, 2021 WL 1163797, at *5 (S.D.N.Y. Mar. 25, 2021) (citing *Comcast Corp.*, 140 S. Ct. at 1017-18).

Plaintiff's allegations, which the Court has already concluded are insufficient to state a Title VII claim that race was a "motiving factor" in T3 Trading Group's denial of his application, are also insufficient to plead that "but for" his race, T3 Trading Group would not have denied his application. Plaintiff thus also fails to state a claim of race discrimination under Section 1981.

C.  **Leave to Amend**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)).

Although the facts alleged give little indication that Plaintiff may be able to state a claim for race discrimination, in an abundance of caution, the Court grants Plaintiff 30 days' leave to amend his complaint to detail his claims. In his amended complaint, Plaintiff must plead any facts showing some basis for inferring that race was a motivating factor in the denial of his application, for purposes of a Title VII claim, or that "but for" his race, his application would have proceeded, for purposes of a claim under section 1981.

In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within thirty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 22-CV-2296 (LTS). An Amended Complaint for Employment Discrimination form is attached to this order. No summons will issue at this time. If

Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted, and the Court will decline to exercise jurisdiction of any state and local law claims that Plaintiff is seeking to assert.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   April 15, 2022
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

Write the full name of each plaintiff.

-against-

_____

Write the full name of each defendant. The names listed above must be identical to those contained in Section I.

_____CV_____
(Include case number if one has been assigned)

Do you want a jury trial?
☐ Yes   ☐ No

# AMENDED
# EMPLOYMENT DISCRIMINATION COMPLAINT

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

Rev. 3/24/17

## I. PARTIES

### A. Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

_____
First Name                    Middle Initial          Last Name

_____
Street Address

_____
County, City                                    State                   Zip Code

_____
Telephone Number                         Email Address (if available)

### B. Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. (Proper defendants under employment discrimination statutes are usually employers, labor organizations, or employment agencies.) Attach additional pages if needed.

Defendant 1:  _____
              Name

              _____
              Address where defendant may be served

              _____
              County, City                    State              Zip Code

Defendant 2:  _____
              Name

              _____
              Address where defendant may be served

              _____
              County, City                    State              Zip Code

Defendant 3:

_____
Name

_____
Address where defendant may be served

_____
County, City                State              Zip Code

## II.   PLACE OF EMPLOYMENT

The address at which I was employed or sought employment by the defendant(s) is:

_____
Name

_____
Address

_____
County, City                State              Zip Code

## III.   CAUSE OF ACTION

### A. Federal Claims

This employment discrimination lawsuit is brought under (check only the options below that apply in your case):

☐ **Title VII of the Civil Rights Act of 1964**, 42 U.S.C. §§ 2000e to 2000e-17, for employment discrimination on the basis of race, color, religion, sex, or national origin

   The defendant discriminated against me because of my (check only those that apply and explain):

   ☐ race: _____
   ☐ color: _____
   ☐ religion: _____
   ☐ sex: _____
   ☐ national origin: _____

Page 3

☐ **42 U.S.C. § 1981**, for intentional employment discrimination on the basis of race

    My race is: _____

☐ **Age Discrimination in Employment Act of 1967**, 29 U.S.C. §§ 621 to 634, for employment discrimination on the basis of age (40 or older)

    I was born in the year: _____

☐ **Rehabilitation Act of 1973**, 29 U.S.C. §§ 701 to 796, for employment discrimination on the basis of a disability by an employer that constitutes a program or activity receiving federal financial assistance

    My disability or perceived disability is: _____

☐ **Americans with Disabilities Act of 1990**, 42 U.S.C. §§ 12101 to 12213, for employment discrimination on the basis of a disability

    My disability or perceived disability is: _____

☐ **Family and Medical Leave Act of 1993**, 29 U.S.C. §§ 2601 to 2654, for employment discrimination on the basis of leave for qualified medical or family reasons

B. **Other Claims**

In addition to my federal claims listed above, I assert claims under:

☐ **New York State Human Rights Law**, N.Y. Exec. Law §§ 290 to 297, for employment discrimination on the basis of age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status

☐ **New York City Human Rights Law**, N.Y. City Admin. Code §§ 8-101 to 131, for employment discrimination on the basis of actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, sexual orientation, alienage, citizenship status

☐ Other (may include other relevant federal, state, city, or county law):

_____

IV. **STATEMENT OF CLAIM**

A. **Adverse Employment Action**

The defendant or defendants in this case took the following adverse employment actions against me (check only those that apply):

- ☐ did not hire me
- ☐ terminated my employment
- ☐ did not promote me
- ☐ did not accommodate my disability
- ☐ provided me with terms and conditions of employment different from those of similar employees
- ☐ retaliated against me
- ☐ harassed me or created a hostile work environment
- ☐ other (specify): _____

B. **Facts**

State here the facts that support your claim. Attach additional pages if needed. You should explain what actions defendants took (or failed to take) *because of* your protected characteristic, such as your race, disability, age, or religion. Include times and locations, if possible. State whether defendants are continuing to commit these acts against you.

_____
_____
_____
_____
_____
_____

As additional support for your claim, you may attach any charge of discrimination that you filed with the U.S. Equal Employment Opportunity Commission, the New York State Division of Human Rights, the New York City Commission on Human Rights, or any other government agency.

## V. ADMINISTRATIVE PROCEDURES

For most claims under the federal employment discrimination statutes, before filing a lawsuit, you must first file a charge with the U.S. Equal Employment Opportunity Commission (EEOC) and receive a Notice of Right to Sue.

Did you file a charge of discrimination against the defendant(s) with the EEOC or any other government agency?

☐ Yes (Please attach a copy of the charge to this complaint.)

    When did you file your charge? _____

☐ No

Have you received a Notice of Right to Sue from the EEOC?

☐ Yes (Please attach a copy of the Notice of Right to Sue.)

    What is the date on the Notice? _____

    When did you receive the Notice? _____

☐ No

## VI. RELIEF

The relief I want the court to order is (check only those that apply):

☐ direct the defendant to hire me

☐ direct the defendant to re-employ me

☐ direct the defendant to promote me

☐ direct the defendant to reasonably accommodate my religion

☐ direct the defendant to reasonably accommodate my disability

☐ direct the defendant to (specify) (if you believe you are entitled to money damages, explain that here)

_____

_____

_____

_____

## VII.   PLAINTIFF'S CERTIFICATION

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| Dated | Plaintiff's Signature |
|---|---|
| First Name     Middle Initial | Last Name |
| Street Address | |
| County, City     State | Zip Code |
| Telephone Number | Email Address (if available) |

I have read the attached Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes   ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.

Page 7



United States District Court
Southern District of New York

# Pro Se (Nonprisoner) Consent to Receive Documents Electronically

Parties who are not represented by an attorney and are not currently incarcerated may choose to receive documents in their cases electronically (by e-mail) instead of by regular mail. Receiving documents by regular mail is still an option, but if you would rather receive them only electronically, you must do the following:

1. Sign up for a PACER login and password by contacting PACER[1] at www.pacer.uscourts.gov or 1-800-676-6856;

2. Complete and sign this form.

If you consent to receive documents electronically, you will receive a Notice of Electronic Filing by e-mail each time a document is filed in your case. After receiving the notice, you are permitted one "free look" at the document by clicking on the hyperlinked document number in the e-mail.[2] Once you click the hyperlink and access the document, you may not be able to access the document for free again. After 15 days, the hyperlink will no longer provide free access. Any time that the hyperlink is accessed after the first "free look" or the 15 days, you will be asked for a PACER login and may be charged to view the document. For this reason, *you should print or save the document during the "free look" to avoid future charges.*

## IMPORTANT NOTICE

Under Rule 5 of the Federal Rules of Civil Procedure, Local Civil Rule 5.2, and the Court's Electronic Case Filing Rules & Instructions, documents may be served by electronic means. If you register for electronic service:

1. You will no longer receive documents in the mail;

2. If you do not view and download your documents during your "free look" and within 15 days of when the court sends the e-mail notice, you will be charged for looking at the documents;

3. This service does *not* allow you to electronically file your documents;

4. It will be your duty to regularly review the docket sheet of the case.[3]

---

[1] Public Access to Court Electronic Records (PACER) (www.pacer.uscourts.gov) is an electronic public access service that allows users to obtain case and docket information from federal appellate, district, and bankruptcy courts, and the PACER Case Locator over the internet.

[2] You must review the Court's actual order, decree, or judgment and not rely on the description in the email notice alone. *See* ECF Rule 4.3

[3] The docket sheet is the official record of all filings in a case. You can view the docket sheet, including images of electronically filed documents, using PACER or you can use one of the public access computers available in the Clerk's Office at the Court.

# CONSENT TO ELECTRONIC SERVICE

I hereby consent to receive electronic service of notices and documents in my case(s) listed below. I affirm that:

1. I have regular access to my e-mail account and to the internet and will check regularly for Notices of Electronic Filing;

2. I have established a PACER account;

3. I understand that electronic service is service under Rule 5 of the Federal Rules of Civil Procedure and Rule 5.2 of the Local Civil Rules, and that I will no longer receive paper copies of case filings, including motions, decisions, orders, and other documents;

4. I will promptly notify the Court if there is any change in my personal data, such as name, address, or e-mail address, or if I wish to cancel this consent to electronic service;

5. I understand that I must regularly review the docket sheet of my case so that I do not miss a filing; and

6. I understand that this consent applies only to the cases listed below and that if I file additional cases in which I would like to receive electronic service of notices of documents, I must file consent forms for those cases.

**Civil case(s) filed in the Southern District of New York:**

**Note:** This consent will apply to all cases that you have filed in this court, so please list all of your pending and terminated cases. For each case, include the case name and docket number (for example, John Doe v. New City, 10-CV-01234).

_____

_____

_____
Name (Last, First, MI)

_____
Address        City        State        Zip Code

_____
Telephone Number        E-mail Address

_____
Date        Signature

**Return completed form to:**

Pro Se Intake Unit (Room 200)
500 Pearl Street
New York, NY 10007