UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAVID STALLING,<br><br>       Plaintiff,<br><br>  -against-<br><br>T3 TRADING GROUP, LLC,<br><br>       Defendant. | 22-CV-2296 (LTS)<br><br>ORDER OF DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

  Plaintiff, who is proceeding *pro se* and *in forma pauperis*, filed this complaint alleging that Defendants violated Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981. By order dated May 10, 2022, the Court directed Plaintiff to amend his complaint to address deficiencies in his original pleading. Plaintiff filed an amended complaint on May 10, 2022, and the Court has reviewed it. The action is dismissed for the reasons set forth below.

## STANDARD OF REVIEW

  The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

  While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff David Stalling alleges the following facts in his amended complaint. On August 8, 2020, Plaintiff applied to be a trader with T3 Trading Group, LLC. (ECF 5 at 6.) He had a phone interview on August 12, 2020, and on August 14, 2020, was directed to submit a check for $245 to cover Financial Industry Regulatory Authority (FINRA) exam registration fees, photo identification, and proof of his address.[1] He was told that the position as trader was contingent on his passing two exams. Plaintiff "submitted his identification, which identifies him as a black civilian." (*Id.*) Plaintiff does not plead any facts about whether he submitted proof of address or a check to register for the exam.

---

[1] Plaintiff alleges that he has "no fixed abode." (ECF 5 at 2.)

Plaintiff contends that he "didn't fail the exam test. Most importantly, he didn't take the exam." (*Id.* at 6.) On September 8, 2020, the Director of Compliance notified him that his application would not move forward but "did not provide a reason." (*Id.*) Plaintiff contends that "[a] direct violation of Title VII of the Civil Rights Act has occurred." (*Id.*)

## DISCUSSION

A.    **Title VII of the Civil Rights Act**

Title VII provides that it is unlawful for an employer to "fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2(a). Title VII thus prohibits employers from mistreating an individual because of the individual's protected characteristics, *Patane v. Clark*, 508 F.3d 106, 112 (2d Cir. 2007), or retaliating against an employee who has opposed any practice made unlawful by that statute, *see Crawford v. Metro. Gov't*, 555 U.S. 271, 276 (2009) (holding that conduct is protected when it "confront[s]," "resist[s]," or "withstand[s]" unlawful actions). Mistreatment at work that occurs for a reason other than an employee's protected characteristic or opposition to unlawful conduct is not actionable under Title VII. *See Chukwuka v. City of New York*, 513 F. App'x 34, 36 (2d Cir. 2013) (quoting *Brown v. Henderson*, 257 F.3d 246, 252 (2d Cir. 2001)).

At the pleading stage in an employment discrimination action, "a plaintiff must plausibly allege that (1) the employer took adverse employment action against him, and (2) his race, color, religion, sex, or national origin was a motivating factor in the employment decision." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 86 (2d Cir. 2015). The plaintiff "may do so by alleging facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination." *Id.* at 87.

3

Here, Plaintiff alleges that Defendant T3 Trading Group, LLC, was a potential employer.[2] He states that he was asked to provide identification and a check to register for FINRA exams and that he provided his identification, but he does not allege that he submitted payment to register for the exams. Thereafter, he was told that his application would not proceed further. Plaintiff describes himself as "black" and "African-American." (ECF 5 at 2-3.) He notes that he "didn't fail the exam test;" rather, "he didn't take it." (*Id.* at 6.) He alleges that he was "denied the opportunity suddenly after [he] submitted identification." (*Id.*)

The facts alleged neither directly show discrimination based on race nor suffice to show discrimination indirectly. Allegations that Plaintiff's partially completed application did "not move forward" (ECF 5 at 6) and that this determination was subsequent to his submission of application materials from which his race could have been ascertained is insufficient, without more, to give rise to a plausible inference of discrimination on the basis of race. The facts alleged in Plaintiff's amended complaint thus fail to state a claim on which relief can be granted under Title VII.

**B.    Claims under 42 U.S.C. § 1981**

To state a claim of discrimination under Section 1981, a plaintiff must allege facts showing that: "(1) [the] plaintiff[] [is a] member[] of a racial minority; (2) [the] defendant['s] intent to discriminate on the basis of race; and (3) discrimination concerning one of the statute's enumerated activities." *Brown v. City of Oneonta,* 221 F.3d 329, 339 (2d Cir. 2000). "[A]

---

[2] According to documents attached to the initial complaint, Defendant asserted in administrative proceedings that Plaintiff was applying to be a member of the trading group, not an employee of Defendant T3 Trading Group, LLC. (ECF 2 at 18.) The Equal Employment Opportunity Commission (EEOC) notice issued to Plaintiff states that it "is closing this charge because you were not in an employment relationship with Respondent." (*Id.* at 14.) Plaintiff has not resubmitted these documents with his amended complaint, and the Court at this stage assumes the truth of Plaintiff's allegation that Defendant was a potential employer.

4

plaintiff must . . . plead . . . that, but for race, [the plaintiff] would not have suffered the loss of a legally protected right." *Comcast Corp. v. Nat'l Ass'n of African Am.-Owned Media*, 140 S. Ct. 1009, 1019 (2020). Thus, for a claim of race discrimination under Section 1981, "it is insufficient to merely plead that race was a motivating factor in the discriminatory action." *Brown v. Montefiore Med. Ctr.*, No. 19-CV-11474, 2021 WL 1163797, at *5 (S.D.N.Y. Mar. 25, 2021) (citing *Comcast Corp.*, 140 S. Ct. at 1017-18).

The allegations of the amended complaint are insufficient to plead that, "but for" Plaintiff's race, Defendant would not have denied Plaintiff employment. Plaintiff's allegations that he submitted some of the application materials (including his identification, which identifies his race) to Defendant but was not hired, without more, are insufficient to give rise to a plausible inference that Defendant discriminated against him based on race. Plaintiff thus fails to state a claim on which relief can be granted under Section 1981.

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because Plaintiff's amended complaint gives no indication that the defects can be cured with a further amendment, the Court declines to grant Plaintiff another opportunity to amend.

## C.    Supplemental Jurisdiction of State Law Claims

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)).

Having dismissed the federal claims under Title VII and Section 1981 over which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of Plaintiff's state law claims. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'") (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)). The state law claims are therefore dismissed without prejudice to Plaintiff's bringing them in an appropriate forum.

## CONCLUSION

Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court declines, under 28 U.S.C. § 1367(c)(3), to exercise supplemental jurisdiction of state law claims.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   May 31, 2022
         New York, New York

       /s/ Laura Taylor Swain
       LAURA TAYLOR SWAIN
       Chief United States District Judge